

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# USA v. Stantzos

Precedential or Non-Precedential:

Docket 1-2231

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Stantzos" (2002). *2002 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2231
_____

UNITED STATES OF AMERICA


v.

GEORGE KOSTAS STANTZOS,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge:  The Honorable William W. Caldwell.

(Action No. 98-CR-00164 (WWC))
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2002

Before: RENDELL, FUENTES, and MAGILL,  Circuit Judges.

(Opinion Filed:      January 24, 2002            )
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

Appellant George Kostas Stantzos ("Stantzos") takes this appeal pursuant to 28 U.S.C. 2255, alleging that he received ineffective assistance of counsel at his trial. Specifically, Appellant alleges that in allowing his mother to testify at trial in the absence of an interpreter, his attorney effectively deprived him of the competent assistance guaranteed to him by the Constitution. For the reasons that follow, we find that Appellant was not denied the effective assistance of counsel, and we affirm the District Court's denial of his 28 U.S.C. 2255 Motion.

Following a jury trial, Stantzos was convicted under 18 U.S.C. 942(c)(1)(A) for carrying a firearm in relation to a drug trafficking crime, and on March 3, 1999, he was sentenced by the District Court to the mandatory term of five years imprisonment, consecutive to a sentence of four to eight years imprisonment that he has received in state court for the underlying drug offense.

On November 24, 1999, this Court affirmed Stantzos's conviction, rejecting his argument on appeal that there was insufficient evidence that he carried a gun in relation to a drug offense. On October 16, 2000, Stantzos filed a 28 U.S.C. 2255 Motion, alleging that he had received ineffective assistance of counsel, and requesting the vacation of his sentence. This motion was denied by the District Court six months later, and this appeal followed.

In order to demonstrate ineffective assistance of counsel, Appellant must demonstrate that 1) his attorney's performance was deficient, and 2) that this deficiency actively prejudiced his defense. See, e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984). Stantzos alleges that his mother was the only witness other than himself whose testimony was capable of establishing that the gun he had on his person during his participation in the drug transaction was to be used for self-protection at the job he was traveling to, and not in conjunction with the subject transaction.

We agree with the District Court's conclusion that counsel was not derelict in failing to procure an interpreter. Here, the decision not to hire an interpreter may very well have been a tactical decision, either because the witness's knowledge was limited or

because the testimony may have been unfavorable. In any case, Appellant has failed to
establish that the result of his trial would have been any different in light of the
substantial evidence in this case. See id.. We therefore agree with the District Court's
ultimate assessment that the lack of a translator in this case is not a ground for vacating
Appellant's conviction. Accordingly, for the reasons substantially set forth in the written
opinion of the District Court, we will AFFIRM.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/Julio M. Fuentes
_____
Circuit Judge